UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT, individually and on behalf of all others similarly situated; JONATHAN HOROWITZ, individually and on behalf of all others similarly situated, DIANE CARTER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SARAYA USA, INC., a Utah Corporation; and DOES 1 through 50, Inclusive,<br>　　　　　　　　　　Defendants. | Case No.: 23-cv-00017-AJB-MMP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Doc. No. 8)** |

　　　　Before the Court is Defendant Saraya USA, Inc.'s ("Defendant" or "Saraya") motion to dismiss Plaintiffs Steven Prescott, Jonathan Horowitz, and Diane Carter's (collectively, "Plaintiffs") Complaint. (Doc. No. 8.) The motion is fully briefed.[1] (Doc. Nos. 12, 13.) For the reasons set for the below, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**.

---

[1] Plaintiff's opposition fails to comply with the local rules' font size requirements. Counsel is admonished to read and abide by chambers' and local rules. Future nonconforming filings will be rejected.

## I. BACKGROUND

This action arises out of Plaintiffs' respective purchases of Defendant's "Lakanto Monkfruit Sweetener" Products, which includes two types/flavors of sugar substitutes: "golden" and "classic." ("the Products"). (Doc. No. 1, Compl. at ¶¶ 2-3.) As depicted on the front labels, Defendant markets the Products as "zero net carbs," "zero glycemic," "zero calorie," "1:1 sugar replacement," "keto" and "keto approved." (*Id.* at ¶ 3.) Plaintiffs allege none of these representations are true because they are based on "manipulated and incorrect serving sizes." (*Id.*) Plaintiffs state that, at the time of their purchase, the Products' serving size was 4 grams, which is lower than 8 grams—the "reference amount customarily consumed" ("RACC") required by federal and state law for sugar replacement products such as the Products. (*Id.* at ¶¶ 3, 20–21.) According to Plaintiffs, if Defendant used the correct serving size, then the Products would not actually have the nutritional values advertised. (*Id.* at ¶ 21.) Plaintiffs further allege that the collection of labels on the front of the Products lead a reasonable consumer to think that the Products "confer particular benefits for diabetics" and can be consumed as a "substitute sweetener without side effects of weight gain, diabetes, or diabetes aggravation." (*Id.* at ¶¶ 27, 28.)

Plaintiffs filed suit alleging the following claims: (1) common law fraud; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) unjust enrichment; (5) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); (6) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). They seek damages, restitution, and injunctive relief on behalf of themselves and a putative class of California purchasers for the period of September 16, 2016, to present.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To determine the sufficiency of the complaint, the court must assume

the truth of all factual allegations therein and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plausibility demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Id.* at 679.

Complaints alleging fraud must satisfy the heightened pleading requirements of Rule 9(b). Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting that fraud or mistake be stated with particularity. "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Specifically, allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citation omitted).

### III. DISCUSSION

Defendant moves to dismiss the Complaint arguing that Plaintiffs failed to plead with the requisite particularity their claims under the CLRA, UCL, and FAL, as well as their claims of common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment. Defendant further asserts the Plaintiffs failed to plead their claims for equitable relief. The Court agrees.

**A. Failure to Plead a False or Deceptive Representation**

There is no dispute that because all of Plaintiffs' causes of action sound in fraud, they are subject to Rule 9(b)'s heightened pleading standard. Thus, Plaintiffs "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

//

### 1) Impermissible Lack of Substantiation Claims

To begin, the Court agrees with Defendant that Plaintiffs' false advertising claims under the CLRA, UCL, and FAL amount to impermissible lack-of-substantiation claims. Indeed, Plaintiffs' Complaint alleges that "the purported health benefits that Defendants advertise on the Products' front labels are *unsubstantiated*, false and deceptive." (Doc. No. 1 at ¶ 27 (emphasis added).)

"False-advertising claims based on a lack of substantiation, rather than provable falsehood, are not cognizable under the California consumer-protection laws." *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1103 (S.D. Cal. 2015) (citing *In re Clorox Consumer Litig.*, 894 F. Supp. 3d 1224, 1232 (N.D. Cal. 2012) (collecting cases)). "Challenges based on a lack of substantiation are left to the Attorney General and other prosecuting authorities; private plaintiffs, in contrast, have the burden of proving that advertising is actually false or misleading." *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013).

"Courts have been careful to distinguish between allegations that a defendant's advertising claims are actually false and allegations that such claims lack substantiation." *In re Clorox*, 894 F. Supp. 2d at 1232. "Courts look to a plaintiff's complaint as a whole when determining if a plaintiff merely alleged a lack of substantiation claim." *Bronson*, 2013 WL 1629191, at *8. "A claim can survive a lack of substantiation challenge by, for example, alleging studies showing that a defendant's statement is false." *Id*. "In contrast, a plaintiff's reliance on a lack of scientific evidence or inconclusive, rather than contradictory, evidence is not sufficient to state a claim." *Id*.

Here, looking at the Complaint as a whole, Plaintiffs make apparent that their false advertising claims are premised on the theory that if Defendant "followed the FDA's parameters for the RACC of sugar substitutes and used the agency's mandatory minimum serving size to ascertain the Products' nutritional values," (to wit, 8 grams, not 4 grams), "then the Products would not actually be 'keto,' 'zero calorie,' 'zero glycemic,' 'zero net carbs,' 'a 1:1 sugar replacement,' or 'keto approved.'" (Doc. No. 1 ¶ at 21.) The problem,

however, is that Plaintiffs allege no testing, studies, literature, or any other specific facts to support their conclusion that the Products would not have the nutritional values and benefits advertised at 8 grams. Because Plaintiffs fail to allege specific factual grounds demonstrating that the difference in serving size necessarily means that the stated nutritional values are false, the Court finds their challenge akin to a lack of substantial claim and subject to dismissal on that basis.

Plaintiffs correctly note that "[a] claim can survive a lack of substantiation challenge if a plaintiff alleges studies showing that a defendant's statements are false." (Doc. No. 12 at 15.) According to Plaintiffs, they have done that here because paragraphs 21 through 26 of the Complaint contains "explicit citations and references to studies that demonstrate the falsity of Saraya's marketing scheme for the Products." (*Id.*) Those paragraphs, however, contain no such thing. (Doc. No. 1 at ¶¶ 21–26.)

Indeed, nowhere in Plaintiffs' Complaint do they cite any specific study showing that Defendant's marketing of the Products as "zero net carbs," "zero glycemic," "zero calorie," "1:1 sugar replacement," "keto" and "keto approved" is actually false. "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106. The standard is not met here.

Without allegations of specific testing, studies, literature, or reports showing that Defendant's label claims have actually been disproved, the Court finds Plaintiffs have failed to plead their false advertising claims with the requisite particularity. *See id.* ("The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' UCL, FAL, and CLRA claim on this basis. Additionally, because Plaintiffs' claims of common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment are based on the same deficient allegations of falsity as those analyzed above, the Court **GRANTS** Defendant's motion to dismiss them on the same basis.

**2) Reasonable Consumer Would Not Likely Be Deceived**

As to Plaintiffs' claim that the labels are deceptive, the Court similarly finds they have not plausibly pled their claims. Claims under the UCL, FAL, and CLRA are "governed by the reasonable consumer test.'" *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). This standard also applies to common law fraud and negligent misrepresentation claims. *Freeman*, 68 F.3d at 289 (common law fraud requires showing that the advertisement would mislead a reasonable person); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 Fed. App'x. 561, 562 (9th Cir. 2008) (equating "justifiable reliance" element of negligent misrepresentation to the "reasonable consumer" standard). Under that standard, the plaintiff must "show that members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289 (quotation marks and citations omitted).

Plaintiffs allege that the front label claims on the Products "altogether lead a reasonable consumer to think" that the Products "confer particular benefits for diabetics" and can be consumed as a "substitute sweetener without side effects of weight gain, diabetes, or diabetes aggravation." (Doc. No. 1 at ¶¶ 27, 28.) Plaintiffs, however, point to no factual support for their assertion that a reasonable consumer would read the packaging in this way. As Defendant notes, the Products' packaging says nothing about diabetes or weight loss. They also contain no statements or promises concerning diabetes, weight management, or weight loss. Tellingly, Plaintiffs chose not to address these arguments, and instead argue that these issues are more appropriate for resolution at the summary judgment stage. The Court is unpersuaded. Plaintiffs must plead more. Absent factual enhancement underlying their legal conclusion that a reasonable consumer would likely be misled or deceived in the way alleged, the Court does not find Plaintiffs have satisfied Rule 9(b)'s heightened pleading standards to proceed on these claims.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' UCL, FAL, and CLRA claim on this basis. Additionally, because Plaintiffs' claims of common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust

enrichment are based on the same deficient allegations of deception as those analyzed above, the Court **GRANTS** Defendant's motion to dismiss them on the same basis.

### B. Failure to State Claim for Equitable Relief

Defendant also challenges Plaintiffs' claims for equitable relief (injunction and restitution), arguing they have failed to allege inadequate remedies at law. The Court agrees. A plaintiff must plead inadequate legal remedies in the operative pleading to allege claims for equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). As Plaintiffs' Complaint contains no such allegation, the Court finds it fails to state any claim for equitable relief. Accordingly, the Court **DISMISSES** Plaintiffs' claims for equitable relief.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss. (Doc. No. 8.) As leave to amend should be granted freely, and there being no definite indication that amendment would be futile in this case, the Court **DISMISSES** the Complaint with **LEAVE TO AMEND** to cure the deficiencies raised herein and in Defendant's motion. Should Plaintiffs desire to amend their Complaint, their First Amended Complaint must be filed, along with a redlined version attached as a separate exhibit, no later than Friday, September 29, 2023. Failure to file an amended complaint will result in dismissal of this action for failure to prosecute.

**IT IS SO ORDERED**.

Dated: September 18, 2023

Hon. Anthony J. Battaglia
United States District Judge