UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT, et al., individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>SARAYA USA, INC.,<br><br>          Defendant. | Case No.: 23-cv-00017-AJB-MMP<br><br>**ORDER GRANTING DEFENDANT SARAYA USA, INC.'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>[ECF No. 62] |

  Defendant Saraya USA, Inc. ("Defendant") moves for an order compelling Plaintiffs Steven Prescott, Jonathan Horowitz, and Diane Carter ("Plaintiffs") to serve their initial disclosures and respond to the interrogatories and requests for production of documents served by Defendant. ECF No. 62. Plaintiffs filed an opposition, to which Defendant replied. ECF Nos. 72, 74. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 63. For the reasons stated below, the Court **GRANTS** the motion.

**I. RELEVANT DISCOVERY BACKGROUND**

  The Court has issued several recent orders detailing the procedural history of this case in connection with the outstanding Orders to Show Cause. ECF Nos. 48, 56, 57, 67,

73. Thus, the Court incorporates its prior recitation of the facts and reiterates them only as necessary for context of this motion.

In January 2023, Plaintiffs filed this putative class action alleging Defendant intentionally makes false and misleading representations about its "Lakanto Monkfruit Sweetener" product line. ECF No. 1. Plaintiffs' claims have undergone several rounds of motions to dismiss. ECF Nos. 17, 26. In May 2025, the Court issued its order granting in part and denying in part the motion to dismiss the Second Amended Complaint ("SAC"), finding certain of Plaintiffs' false advertising claims were sufficiently pled. ECF No. 37.

On May 23, 2025, the Court issued an order, inter alia, setting a deadline of July 21, 2025 for the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)-(D). ECF No. 39 at 2.

On June 19, 2025, Defendant served Interrogatories (Set One) and Request for Production of Documents (Set One) on Plaintiffs Prescott, Horowitz, and Carter. ECF Nos. 62-2 ¶ 5, 62-3, 62-4. Defendant explains the discovery relates to testing or analyses performed on the products, including the testing "derived from FDA-prescribed methodology" upon which Plaintiffs relied to support their claims in the operative SAC. ECF No. 62-1 at 5. Pursuant to Rules 33 and 34, Plaintiffs' responses were due no later than July 21, 2025. ECF No. 62-2 at ¶ 6. To date, Plaintiffs have not served any responses or objections. *Id.* at ¶¶ 6–10.[1]

On August 8, 2025, Defendant requested a conference regarding this discovery dispute in accordance with the undersigned's Civil Chambers Rules. The Court set a Discovery Conference in person for September 4, 2025, immediately following an Order to Show Cause hearing in this case. ECF No. 49. Though Defense counsel appeared for the

---

[1] In fact, Plaintiffs essentially ghosted Defendant—and the Court—for over a month. An Order to Show Cause is pending to both Plaintiffs' counsel and to Plaintiffs individually regarding failure to comply with multiple Court orders and to appear at Court hearings and conferences. ECF Nos. 48, 57, 73.

Discovery Conference, Plaintiffs' counsel did not appear; nor was her appearance excused. ECF No. 56. The Court granted Defendant leave to file the instant motion to compel. *Id.*

On September 18, 2025, Defendant filed this motion. ECF No. 62. That same day, the Court held a Second Order to Show Cause Hearing, in which counsel for both parties appeared. ECF No. 64. The Court ordered Plaintiffs to provide Initial Disclosures. *Id.*

By September 29, 2025, Plaintiffs still had not served their Initial Disclosures. The Court ordered Plaintiffs to serve Initial Disclosure by close of business that day. ECF No. 67. Plaintiffs finally served their Initial Disclosures, though Defendant contends the Initial Disclosures omit key witnesses and documents such as the alleged testing "derived from FDA-prescribed methodology." ECF Nos. 69, 72 ¶ 3.

## II. LEGAL STANDARD

Rule 26(b)(1) establishes the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Any party, on notice to other parties and all affected persons, may apply for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). Rule 37 provides for an entry of an order compelling discovery where "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

## III. ANALYSIS

### A. Interrogatories under Rule 33

An interrogatory propounded under Rule 33 "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "The responding party must serve

its answers and any objection within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Defendant served seventeen Interrogatories to each named Plaintiff. ECF No. 62-2 ¶ 5. The Interrogatories seek information regarding Plaintiffs' respective purchases and consumption of the products, testing of the products including any "derived from FDA-prescribed methodology" as specifically alleged in the SAC, facts supporting Plaintiffs' contentions, the alleged representations by Defendant, and Plaintiffs' alleged damages. *See* ECF No. 62-3. The Court finds these Interrogatories are relevant to Plaintiffs' claims and appear proportional under Rule 26(b)(1).

Notably, Plaintiffs have not served responses or objections, contacted Defendant's counsel to request additional time, or sought leave of Court to extend their deadline for responding. Instead, they have simply not responded to the pending discovery. Pursuant to Rule 33(b)(4), Plaintiffs have waived any objection, and the Court finds good cause does not exist to excuse Plaintiffs' failure.

In their opposition to this motion, Plaintiffs cite numerous authorities addressing admissions under Rule 36. ECF No. 72 at 3. Such authority is irrelevant, as none of the discovery at issue involve requests for admissions under Rule 36. The crux of Plaintiffs' opposition is Defendant's motion should be denied because Plaintiffs have since moved for voluntary dismissal of this action. *Id.* (citing ECF No. 68). Plaintiffs haphazardly argue "granting Saraya's motion while Plaintiffs motion for voluntary dismissal is pending would result in undue prejudice for Plaintiffs since Plaintiffs are precluded from serving discovery while their motion for voluntary dismissal is pending." *Id.* Plaintiffs further claim Defendant's motion is premature and should not be granted before Plaintiffs' request for dismissal is resolved.

In reply, Defendant asserts "Plaintiffs' request for voluntary dismissal in no way absolves them of their past discovery failures—the subject of Defendant's Motion to Compel." ECF No. 74 at 4. The Court agrees. Plaintiffs filed this action on January 5, 2023, and Defendant served the discovery at issue on June 19, 2025—months before Plaintiffs filed the pending motion for voluntary termination. It is well settled Plaintiffs cannot "avoid discovery obligations simply by announcing, long after the discovery is due, that [they] will not pursue claims made in [their] complaint." *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 654 (N.D. Cal. 2004); *see also Hernandez v. United Parcel Serv. Gen. Servs. Co.*, No. 95-cv-1767-FR, 1996 WL 742869, at *2 (D. Or. Dec. 19, 1996) ("A plaintiff may not bring claims and then refuse legitimate discovery requests, thus denying the opposing party or parties the opportunity to defend themselves."). As another court cautioned:

> The Court is concerned that Plaintiffs do not appear to fully appreciate that as the parties who brought this action, they have an <u>obligation</u> to provide Defendant[] with all of the discovery to which they are entitled. . . . <u>Full compliance</u> with the Federal Rules is <u>mandatory</u>—a plaintiff cannot simply "opt out" of discovery after he or she initiates an action.

*Dolzhenico v. City of Los Angeles, California*, No. 15-cv-4581-AB-SSX, 2016 WL 10587935, at *8, n.13 (C.D. Cal. Oct. 28, 2016), *report and recommendation adopted*, 2017 WL 5643140 (C.D. Cal. Jan. 30, 2017). This Court reiterates these same concerns, as Plaintiffs have simply ignored Defendant's discovery requests and now seek to voluntarily dismiss their case so they can refile in another forum. This action is still pending, and unless and until it is dismissed or the Court orders otherwise, Plaintiffs must comply with their obligations under the Federal Rules, including providing timely responses to Defendant's Interrogatories. Accordingly, the Court **GRANTS** Defendant's motion to compel Plaintiffs to answer the Interrogatories.

### B. Document Requests under Rule 34

Rule 34 authorizes a party to request the production of documents and electronically stored information from another party within the scope of Rule 26(b). Fed. R. Civ. P. 34(a).

When responding to a request under Rule 34, a party must produce all relevant documents or information in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A). The responding party must state objections with specificity, including the reasons for the objection, and must indicate whether any responsive materials are being withheld on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(B), (C).

Defendant served thirty-nine requests for production to each named Plaintiff. ECF No. 62-4. The requests seek documents and information regarding Plaintiffs' claims, including regarding their purchase and consumption of the products, any communications with putative class members, testing and analyses performed on the products, as well as regarding specific allegations or claims in the SAC. The Court finds these requests are relevant and proportional under Rule 26(b)(1) in this putative class action, and Plaintiffs do not object or argue otherwise. For the reasons discussed above, the Court is not persuaded by Plaintiffs' arguments to the contrary. Accordingly, the Court **GRANTS** Defendant's motion to compel responses and production of documents under Rule 34.

### C. Request for Reasonable Expenses under Rule 37(a)(5)

Defendant seeks reasonable attorneys' fees and costs incurred for preparation of this motion. Rule 37(a)(5) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5) recognizes various exceptions where "the court must not order this payment" including where the court finds the moving party failed to meet and confer, the nonmoving party's nondisclosure or response was substantially

justified, or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Blair v. CBE Grp., Inc.*, No. 13-cv-134-MMA-WVG, 2014 WL 4658731, at *1 (S.D. Cal. Sept. 17, 2014) (citation omitted). In the context of Rule 37 fee awards, the burden of showing substantial justification is on the non-moving party. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994).

Though Plaintiffs filed an opposition to this motion, it neither addresses Defendant's request for expenses under Rule 37(a)(5), much less carries their burden to establish an exception applies. *See* ECF No. 72. The Court finds none of the exceptions apply, as Defendant attempted to meet and confer with Plaintiffs on several occasions, Plaintiffs' utter failure to object or respond to Defendant's discovery requests was not substantially justified, and there are no mitigating factors on this record that would make an award of expenses unjust. To the contrary, Plaintiffs' complete disregard of their disclosure and discovery obligations have caused and prolonged this dispute, needlessly requiring this briefing and court intervention. For these reasons, the Court finds an award of reasonable expenses is both appropriate and required under Rule 37(a)(5)(A). Further, as the plain language of Rule 37(a)(5) expressly applies to disclosures provided after the filing of a motion—the situation here—the Court finds Defendant is entitled to reasonable expenses for its entire motion. The Court **ORDERS** Defendant to file a supplemental declaration setting forth its reasonable expenses, including attorneys' fees, associated with preparing and filing this motion and reply, including its prerequisite compliance with the undersigned's discovery dispute procedure.

Lastly, in light of the current procedural posture of the case—with various Orders to Show Cause directed to both Plaintiffs and their Counsel outstanding, as well as Plaintiffs' motion for voluntary dismissal pending—the Court expressly defers ruling on Defendant's request to prohibit Plaintiffs from using any evidence or witnesses that should have been initially disclosed.

/ /

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Defendant's motion and further **ORDERS** as follows:

1. In accordance with the Court's October 14, 2025 Order, discovery in this case is **STAYED** until **October 28, 2025**. *See* ECF No. 78.

2. No later than **October 31, 2025,** Defendant must file a supplemental declaration setting for its reasonable expenses, including attorneys' fees, associated with preparing and filing its motion.

3. Plaintiffs Prescott, Horowitz, and Carter must each <u>fully answer</u> Defendant's Interrogatories (Set One) under oath no later than **December 5, 2025**.

4. Plaintiffs Prescott, Horowitz, and Carter must each respond and produce documents in their possession, custody, or control that are responsive to Defendant's Requests for Production of Documents (Set One) no later than **December 5, 2025**.

**IT IS SO ORDERED**.

Dated: October 20, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge